CASE 101—TAX SALE—FEBRUARY 28, 1884.

# Quinlan v. Callahan.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. While the power to levy and collect taxes is an incident to sovereignty, yet to authorize by statute the sale of the real estate of a citizen for taxes on the land, due by a former owner, without notice to the real owner, is beyond the power of the legislature.

2. The lien of the State is not lost by the conveyance to another by the former owner; but if a sale is attempted to enforce the lien, the purchaser is entitled to notice.

J. F. BULLITT FOR APPELLANT.

The Revised Statutes did not authorize a sale of land for taxes due the State, but the General Statutes gives the authority. (Gen. Stat., ch. 92, art. 8; secs. 14 and 17.)

Neither of appellee's answers aver that the sale of the lot in controversy, for taxes due by Rachel Mendel, had not been recorded in the clerk's office of the Jefferson county court.

Ever since the General Statutes took effect, records of tax sales have been made by the clerk of the Jefferson county court, and could have been examined by appellee.

This court must presume that the sheriff and clerk did their duty. (Hickman v. Boffman, Hardin, 361; Allen v. Robinson, 3 Bibb, 326; Graves v. Hayden, 2 Litt., 65; Hickman v. Skinner, 3 Mar., 210; Terry v. Black, Ib., 271; Curry v. Fowler, 5 J. J. Mar., 152; Oldham v. Jones, 5 B. Mon., 462.)

In any case appellant is entitled to her lien for the taxes, and appellee admits in his answer that taxes are due for four years. (Gen. Stat., ed. 1881, p. 1031.)

F. T. FOX, JR., FOR APPELLEE.

That the appellee, as purchaser of the land, was entitled to notice of the amount of taxes claimed by the State, and the years for which they were claimed before the sale, is clear.

The notice is, "Assessed to Rachel Mendel, and afterwards conveyed to Julius Mendel or his vendee." Julius Mendel did not own it, because he had conveyed it to appellee the year before the sale, and the deed is of record.

As to appellee, the notice is worthless. He can not be deprived of his property in this way.

The law under which the sale was made is unconstitutional, because, after arranging the details and the mode by which revenue is to be raised for the State, it sets forth an entirely independent system of pleading,

Quinlan v. Callahan.

by which litigants are to present their claims under it. This system
is exclusive in its terms and nature. (Cooley on Taxation, pp. 323,
324, 326, 333, 334, 352; Burroughs on Taxation, 288, 289, 290, 332-
335, 338–40; Rev. Stat., p. 734, secs. 12, 13 and 14; 3 Met., 148; 4 B.
Mon., 116; 11 *Ib.*, 184.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

While back taxes may be collected, although the land
upon which the lien exists has passed into the hands of an
innocent purchaser, our attention has not been called to any
principle or rule of taxation applicable to our system of
imposing and collecting taxes by which the land of the *bona
fide* purchaser may be sold without a demand for the taxes,
or without notifying him of the existence of the lien by
reason of the non-payment of taxes by his vendor. The
advertisement of tax sales is to notify the owner that he
may pay the taxes and release his estate from the lien, as
well as to invite bidders if a sale should become necessary.
The sale was made in this case on the 14th of May, 1881,
to pay the taxes due and unpaid for the years 1875, 1876,
1877 and 1878, and the lot in controversy advertised and
sold as the property of Rachel Mendel. The appellee,
John Callahan, was at the time of the sale the owner of the
lot of ground, by purchase, from one Kilpatrick, and in-
vested with the legal title. His purchase was made in Sep-
tember, 1880, and his title not questioned, except by the
appellant, Margaret Quinlan, who purchased of Grauman,
the vendee of the auditor's agent. Grauman obtained a
conveyance from the auditor, and then sold and conveyed
the lot to the appellant. The auditor supposed it was the
property of Rachel Mendel, as the evidences of her liability
for the tax was in his possession, and, in pursuance of the
statute, ordered or required the sale to be made by his agent.

The claim was for back taxes, and assessed against a party

who at the time was the legal owner, but who had divested herself of title before the sale was made. The owner, who was the appellee, had no notice of the existence of the lien, or demand made of the taxes due, by those of whom he had purchased. His lot is sold to satisfy a lien of which he had no knowledge, and by an examination of the records of his county, or the county in which the lot is located, no information could have been obtained as to the claim of the State upon the property.

The land of the appellee, Callahan, is sold to discharge the taxes that are due, not from him, but from a party who has no right, title, or interest in it. There has been no neglect of duty on the part of the owner of the lot sold, and therefore the greater the necessity of notice to him of the default of the original owner, that he may pay the tax and save his land. ''One object of advertising tax sales is to give full notice to the proprietor, and furnish him with every facility for the voluntary payment of the tax before resort is had to coercive means, &c. It follows that any neglect of the officer, which deprives the owners and bidders of that full information which the law intended to give them, is fatal to the validity of the tax sale.'' (Blackwell on Tax Titles, 214.)

The second section of the act entitled ''An act to amend the revenue laws of the State,'' approved May 6, 1880, should not be so construed as dispensing with the necessity of notice to one who has purchased the land after the lien for the taxes accrued, when the time for the collection of the taxes in the ordinary mode has expired, and a sale without notice or demand in such cases is, as to the innocent purchaser, void. The right to collect taxes on the part of the State is not lost by the delay or neglect of the officer to

collect it in the usual mode, and the transmutation of titles being so common with reference to real estate, and such liens not being susceptible of discovery in the examination of titles, there is no reason or necessity for depriving the citizen of his property without citation or notice, and such an attempt must be held as in violation of his constitutional rights.   While the power to levy and collect taxes is an incident to sovereignty, it is also the object of a government like ours to protect the private property of the citizen, and. to authorize by statute his property to be sold for the failure on the part of his neighbor to discharge a duty owing the State, is an exercise of arbitrary power, and takes from him the right to the protection of private property guaranteed him by the constitution.   The answer, therefore, that his property was sold for back taxes assessed against another, without notice or demand, was sufficient to defeat the recovery.   No title passed to the purchaser under such a state of case.   It is not necessary to determine the other questions raised.

Judgment affirmed.

To a petition for a rehearing by appellant—

JUDGE PRYOR DELIVERED THE FOLLOWING RESPONSE:

Sections 14–17 of article 7, chapter 92, General Statutes,. can not control the decision of the question raised in this case.   The sheriff or person making a sale of land for taxes, when there is no bidder at the amount of the taxes, is authorized by section 14 to buy the same in for the State, and the owner can reclaim within two years.   The sheriff, by section 17, is required to make a report in writing to the county clerk within twenty days after the sale, showing when it was made and to whom, and for what price, giving

a description of the land, which report shall be recorded by the clerk and indexed, &c.

In this case the land was purchased by the State, and afterwards sold as provided by the act of May 6, 1880, amending the revenue laws, and purchased by Grauman, who sold and conveyed it to the appellant. The appellee was then in possession, having acquired title by a regular chain from the original owner, and on account of whose default the land was sold. Section 19 of the amended act, approved May 6, 1880, makes the deed to the purchase conclusive, except on certain conditions therein prescribed. Appellee was the owner of the lot at the time it was sold for the unpaid taxes, and, as the pleadings show, had no notice of the sale or the liability of the original owner for the tax. It is also averred that the lot had not been returned by the sheriff to the auditor as having been sold for the taxes, and had not been purchased by the State for taxes. Further, that the equity of redemption had not expired when the property was sold. Appellee also tendered the taxes due for 1875, '76, '77 and '78, for which the property was alleged to have been sold.

Under the act of May 6, 1880, the agent of the auditor can sell, after advertising the property for four weeks in some newspaper, if any published, or post notices in public places, if no newspaper, for the same length of time, to the effect that so much of the land will be sold as may be necessary to discharge the taxes due thereon, or due from the owner thereof at the time of sale. Now, it is averred that appellee was the owner at the time of the sale, and invested with the title. This fact is not controverted, yet his land was sold for taxes in arrears and owing by some one else, without notice, and, if the averments in the answer are true,

Quinlan v. Callahan.

without the lot ever having been purchased by the State, or any return made by the sheriff of that fact.

This court can not take judicial notice of the records of deeds or sales. They must be pleaded, and, when pleaded, the petition must present a cause of action. We do not mean to decide that the allegation, if made *that the sale had been recorded*, was notice to any subsequent purchaser, as it is not material to the inquiry in this case. What we mean to say is, that when the proceeding is not against the right- ful owner, but against some one else for taxes due and un- paid while the latter owned the land, there must be some notice to the subsequent purchaser, and that a mere adver- tisement that the property will be sold for the default of the original owner is not such a notice as binds the purchaser in possession; nor is the deed made by the auditor conclu- sive of his rights, but, on the contrary, he must show a compliance with the statute, showing the validity of the assessments and the right of the auditor to sell. This is a proceeding to recover taxes that were past due, and not col- lected by reason of the failure of those in office in the county or city to collect the taxes as required by law, and by rea- son of their neglect the innocent purchaser is made to suffer, his land sold without notice, and his defense cut off by stat- utory provisions that amount to a forfeiture of his estate. The burden was on the appellant to make out his case, and the cause having been submitted in the pleadings and the demurrer to the response made overruled, the case was prop- erly adjudged for the defendant. This was an action to re- cover the possession, and the State still having a lien, the tax claim can be enforced against the purchaser in posses- sion. This judgment is not a bar to such a recovery. (City of Louisville v. Cochran, 81 Ky.)

Petition overruled.